### JOSEPH LETIZE
*vs.*
### MARY LETIZE

Superior Court     New Haven County     File No. 57630

MEMORANDUM FILED MARCH 30, 1942.

M. *Edward Klebanoff,* of New Haven, for the Plaintiff.

*William Dimenstein,* of New Haven, for the Defendant.

WYNNE, J.   The law recognizes the right of a minor over 14 years of age to make choice of guardian; and courts, always jealous of the welfare of children, could properly consider their happiness at any age as an element in a decision such as the one indicated here.   The plaintiff's position, however, is not tenable because it fails to view the entire problem in proper perspective.   The court is asked to adopt as guide what a nine-year-old girl might say.   On such a basis should the court take from the mother not only the nine-year-old, but the five-year-old sister?   No doubt the older girl is wistful and at times yearns for her father, for whom she has great affection. This is one of the tragedies of broken homes.   The fact remains that the mother is not proven to be an unsuitable person, nor her home an improper one.   Granted that vexing differences of temperament or views on training or precept exist, these same conflicts often occur in homes which are intact.   It would be unthinkable to separate the children.   On occasion Lorraine might say that she would like to live with her father, but she would also say she wanted her little sister.   The children should not be separated and there is no reason to remove the mother as guardian.

The present situation is far from satisfactory and something must be worked out, or the court would be justified in intervening.   It would seem that the plaintiff's financial burden is greater than it should be in view of the income of defendant's household.   It certainly is unreasonable to expect that the plaintiff should visit his children outside of their home.   He should have them in his home at times, overnight or week-ends. If counsel are unable to work out some basis such as here suggested, the court will.   It is at once unreasonable and cruel for parents to involve sensitive children in their private feuds and incompatibility.

The instant motion for change of custody is denied because the court cannot agree that it is the solution. Unless the parties agree on a solution, the court, on proper application, will have to make one.